Marvin, J.
This is a suit brought by the plaintiff to enjoin the de *339 fendant from erecting a barn on lot No. 23 of Newcomb’s-, allotment in this city.
There is an allotment of Newcomb’s made in 1892, extending from Quincy street on the south to Central avenue on the north. Newcomb had an allotment already made in 1890, possibly 1891, from Central avenue north to Cedar avenue; through the allotment made in 1892 as well as through the allotment made in 1890,extends Alanson street, from Quincy street to Cedar avenue.
The lots in the allotment made in 1892, ■ are numbered from No. 1 to No. 15, both inclusive'.
The lot on which defendants are erecting a barn is No. 23, and is at the north-east corner of Quincy and Alanson. streets, and fronts on Quincy street.
The plaintiff’s lot is No. 21. That fronts on Alanson street,and is immediately north of the lot of the defendant.
The defendant’s lot No. 23, has a frontage of forty-six feet, and extends along Alanson street one hundred and twenty feet. The defendant Matchett has already erected on this lot No. 23, a business building which comes up to. both Quincy and Alanson streets right at the corner. Now ■ he seeks to construct on what is the back end of his lot,, this barn, a building which will cost from $500 to $800 as¡ the agreed statement of facts shows.
The title to the plaintiff’s lot was derived directly from Newcomb, and the title of the defendant to his lot is from Newcomb, with intermediate conveyances.
There is a restriction in the deed to the plaintiff’s lot as. well as to the other lots fronting on the east side of Alanson Btreet, in these words:
“It is a special condition of this deed that there shall he-no buildings erected on the property herein conveyed, on less than eighteen-foot studding, and costing less than-$1,500.00. Further, there shall be no saloon or saloons-, for the sale of liquors placed upon the premises herein- *340 conveyed, by the-said grantees, their heirs or assigns, and is made for the mutual interest of the parties hereto.”
That restriction is in the deed to the plaintiff together with another restriction,and that is, that no buildings shall be erected within less than twenty feet of Alanson street; -and that restriction is in the deeds of the other lots on the east side of Alanson street except the corner lots, that is, the lot at the corner of Central avenue and Alanson street. There is no such restriction as to that corner lot, and, evidently, with the idea that business buildings would be very likely to be erected on those corners. Evidently, one would not want a lot fronting on another street with a restriction against any buildings within twenty feet of Alanson street.
But, as has already been said, there is no such restriction as to lot No. 23; but there is a restriction in that deed that a building shall not be erected there for less than .$1,500.00.
It is claimed that these restrictions were put in only for •the benefit of the parties here allotting.
We are not prepared to say that any building shall not ■cost less than $1,500.00; that would prevent the erection of -out-buildings at a proper place on the lot. But it does :seem to us fair to construe these restrictions, without citing ■authorities, as made for' the benefit of the other grantees as ■well as for Newcomb’s, that there shall be nothing placed on this lot No. 23, that shall be either fronting on Alanson street or come so near Alanson street as to be a building on that street, at a cost of less than $1,500.00.
■ If a barn was erected there, we are doubtful if we could ■enjoin, if complying with the restrictions. But here is a barn being erected within seventeen feet front of the street —'three feet in front of the front line of the plaintiff’s house — 'she being restricted to within twenty feet — 'and there is an arrangement made for the deposit of the filth of the barn, at the front of it.
W. C. Rogers, for Plaintiff.
Gilbert & Hills, for Defendant.
However, without discussing it further, we will hold that she would have a right, under the restrictions, to prevent the erection of that building. And,^without further discussing it, an order will be entered enjoining the construe-’ tion of that building.
Mr. Hills. What about the building already erected, and with the roof on. This plaintiff has stood by and permitted us to go on that far.
Marvin, J.: That building must not stand; even if converted into a dwelling-house, it would be objectionable because only costing $500 or $600,instead ofj&l,500.